# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRON DEJAY HAWKINS,

                Petitioner,

v.

STATE OF WISCONSIN,

                Respondent.

Case No. 22-CV-35-JPS

**ORDER**

On January 12, 2022, Petitioner Tyron DeJay Hawkins ("Hawkins") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

In 2018, following his entry of no-contest pleas in Brown County Case Number 2017CF001196, Hawkins was convicted of "Manufacture/Deliver THC (<=200g)" with a modifier of "Possession with Intent to Deliver/Distribute a Controlled Substance On or Near a School" (Count One); "Manufacture/Deliver THC (<=200g)" with a modifier of "Possession with Intent to Deliver/Distribute a Controlled Substance On or Near a School" (Count Two); and "Maintain Drug Trafficking Place" (Count Five).[1] According to Hawkins, he was sentenced to a total term of 30 months. ECF No. 1 at 1.

---

[1] *State of Wisconsin v. Tyron Dejay Hawkins*, Racine Cnty. Case No., 2017CF001196, https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF001196&countyNo=5&index=0&mode=details (last visited July 19, 2022).

Hawkins did not appeal his conviction. In his petition, he writes that he failed to exhaust the state appeal system because he "was not given opportunity" to do so. *Id.* at 5–6. Hawkins does not list any grounds for his habeas petition, he does not explain why or how he was not permitted to appeal, and his petition is cursory, at best.

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

As his petition is presently drafted, Hawkins has alleged no grounds for relief that the Court can review. Accordingly, the Court will give him thirty (30) days to amend his petition to state the grounds on which he seeks review. Failure to comply with this Order will result in dismissal. The Clerk of Court shall send Petitioner a copy of the form petition for habeas corpus § 2254 relief.

Accordingly,

**IT IS ORDERED** that within thirty (30) days, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so will result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 20th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge